IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL NO. H-11-340 (1, 3 9, 10) |
| | § | |
| THUONG HONG NGUYEN | § | |
| THUONG THOMAS-MORE VO | § | |
| STEVEN MARSHALL BOEHNING | § | |
| HUNG VAN DANG | § | |

**ORDER**

After this court granted the government's motion to compel voice exemplars, defendant Thuong Hong Nguyen, on behalf of himself and other codefendants, has filed six objections to the procedure the government intends to use to collect the exemplars. (Docket Entry No. 303.) Briefly summarized, that procedure calls for the government's Vietnamese translator to collect the exemplars by talking to the defendants about matters unrelated to this case and by asking them to repeat phrases from the wire intercepts. For the following reasons, the objections are overruled.

The first objection is that the taking of voice exemplars outside the presence of counsel violates the defendants' Sixth Amendment rights. Nguyen cites no cases holding that a defendant has the right to have counsel present at the time voice exemplars are collected. The case law supports the opposite holding. *See, e.g., United States v. Lanier*, No. 95-5215, 1996 WL 721894, at *2 (4th Cir. Dec. 17, 1996) (unpublished) (stating that "the taking of a voice exemplar, like the taking of handwriting exemplars . . . is not a critical stage during which the Sixth Amendment requires the presence of an attorney"); *United States v. Oriakhi*, 57 F.3d 1290, 1299 (4th Cir. 1995) (holding that a defendant's Sixth Amendment right to counsel is not violated when the government

collects voice exemplars outside the presence of counsel); *United States v. Shaw*, 555 F.2d 1295, 1300 (5th Cir. 1977) (stating that "the taking of a voice exemplar impinges upon no right protected by either the Fourth, Fifth or Sixth Amendments to the Constitution"); *United States v. Acosta*, 807 F. Supp. 2d 1154, 1186 (N.D. Ga. 2011) (holding that the taking of voice exemplars while the defendant was in custody did not violate the defendant's Sixth Amendment right to counsel).

The second objection is that collecting the exemplars by talking to the defendants about matters unrelated to this case violates the Fifth Amendment privilege against self-incrimination. This objection ignores the purpose for which the government seeks the voice exemplars. That purpose is to compare the defendants' voices to those of speakers on wire intercepts, not to prove the content of the audio recordings. "The compelled production of voice exemplars to be used to measure the physical properties of the witnesses' voices, and not for the testimonial or communicative content of what was to be said, does not give rise to a violation of the Fifth Amendment's privilege against self incrimination." *United States v. Delaplane*, 778 F.2d 570, 575 (10th Cir. 1985). "The privilege attaches only to testimonial compulsion and does not attach to demonstrative, physical or real evidence." *Id.*

The third objection is that the government should provide defense counsel an advance written copy of the instructions the Vietnamese translator intends to give to the defendants before asking them to repeat phrases from wire intercepts. The record reveals that the defendants already have this information. The government provided the defendants with a written summary of the procedure it intends to use to collect the voice exemplars. That procedure reveals that the Vietnamese translator will instruct the defendants to do what defense counsel already knows: repeat phrases from wire intercepts.

The defendants next object to a warning the government intends to give before the voice exemplars are collected. That warning is that "obstructive behavior during the interview could potentially be used against" the defendants at trial. (Docket Entry No. 303-3, at 2.) The government's proposed warning is an accurate statement of the law. A defendant has no constitutional right to refuse to provide a court-ordered voice exemplar. *See Armstrong v. Guccione*, 470 F.3d 89, 109 (2d Cir. 2006); *United States v. Santos-Ferrer*, Nos. 92-2476, 92-2477, 93-1060, 1994 WL 245217, at *2 (1st Cir. June 6, 1994) (unpublished). "A defendant's refusal to provide fingerprints, voice exemplars, or handwriting specimens deprives the government of evidence that is directly related to the defendant's guilt or innocence of the underlying crime. Such evidence . . . has been held to be . . . probative of consciousness of guilt and admissible on that basis." *United States v. Jackson*, 886 F.2d 838, 845–46 (7th Cir. 1989) (citation omitted).

The defendants argue that a two-hour period to collect voice exemplars from each defendant is excessive. In light of the government's interest in obtaining accurate voice exemplars, the court does not believe that a two-hour interview is excessive. The defendants' concern that this duration may "create a situation where nervousness and exhaustion may affect [the defendants'] ability to comply" can be addressed later, particularly since the government will be videotaping each voice exemplar collection.

Finally, to the extent the defendants argue that one or two FBI agents accompanying the Vietnamese translator during the collection of the voice exemplars will create an "intimidating environment," the court notes that the agents' presence is justified by the government's legitimate security concerns.

SIGNED on August 1, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3